UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COURTHOUSE NEWS SERVICE,**

      **Plaintiff,**

  v.

**MARYELLEN O'SHAUGHNESSY,**
**in her official capacity as Clerk**
**of the Franklin County Court of**
**Common Pleas,**

      **Defendant.**

:

Case No. 2:22-cv-2471
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

:

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Maryellen O'Shaughnessy's Motion to Dismiss. (Mot. to Dismiss, ECF No. 16.) Plaintiff Courthouse News Service responded (Resp., ECF No. 17), and Ms. O'Shaughnessy replied (Reply, ECF No. 18). This matter is now ripe for consideration. For the reasons set forth below, the Motion is **DENIED**.

**I.    BACKGROUND**

Courthouse News Service reports on trial and appellate court proceedings nationwide. (Compl. ¶ 18, ECF No. 1.) Ms. O'Shaughnessy is the Clerk of the Franklin County Court of Common Pleas ("FCCCP"). (*Id.* ¶ 19.) She is responsible for the administration of court records at FCCCP, among other things. (*Id.*) In 2011, she implemented the FCCCP's electronic filing system. (*Id.* ¶¶ 4, 44.)

1

FCCCP uses its electronic filing system to publish the non-confidential civil complaints it receives. (*Id.* ¶¶ 1, 4.) The electronic filing system allows the public and press to view these complaints. (*Id.* ¶ 4.) According to FCCCP's Eighth Amended Administrative E-Filing Order issued in 2021, "[a]ll documents submitted for e-Filing shall be confidential until accepted by the Clerk." (ECF No. 1-1.) The Clerk "accepts" a complaint only after a staff clerk reviews "the data and documents to ensure their compliance with Court rules, policies and procedures." (*Id.*) After the Clerk accepts the document, it is published. (*Id.*)

Prior to 2011 and the implementation of the electronic filing system, FCCCP gave the press access to hard copies of newly filed complaints. (Compl. ¶ 41.) Filers would bring their complaints to the intake counter at the Clerk's office; the intake clerk would stamp the document with the date and time of receipt and place a copy on a desk for the press to review. (*Id.* ¶¶ 42, 43.)

In 2021, Courthouse News Service corresponded with FCCCP staff to express its concern that the electronic filing system delayed publication of new complaints and proposed a new filing method. (*Id.* ¶ 23.) FCCCP declined to implement the suggested changes. (*Id.* ¶ 27.)

On June 13, 2022, Courthouse News Service filed its Complaint against Ms. O'Shaughnessy in her official capacity, alleging violations of the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 U.S.C. §§ 1983, *et seq.*, and seeking injunctive and declaratory relief. (*Id.* ¶¶ 15, 16.) Courthouse News Service alleges that FCCCP's electronic filing

system delays publication thereby restricting the press's and public's First Amendment qualified right to access new complaints. (*Id.* ¶ 6.) Ms. O'Shaughnessy moves to dismiss the Complaint arguing that this Court should abstain from exercising subject matter jurisdiction due to the equity, comity, and federalism considerations underpinning the *Younger* abstention doctrine. (Mot. to Dismiss at 3, citing *Younger v. Harris*, 401 U.S. 37 (1971)).

## II.    ANALYSIS

This case does not involve issues of first impression. Over the last decade, Courthouse News Service filed numerous lawsuits nearly identical to the instant case. In those proceedings, it challenged the constitutionality of delayed publication systems employed by various courts around the country. Oftentimes, the defendants in those cases filed motions to dismiss on abstention grounds, as Ms. O'Shaughnessy did in the instant case. Most courts denied the motions to dismiss. *See generally Courthouse News Serv. v. N.M. Admin. Off. of the Cts.*, No. 21-2135, 2022 WL 17171402 (10th Cir. Nov. 23, 2022); *Courthouse News Serv. v. Parikh*, No. 1:21-cv-00197, 2022 WL 4368172 (S.D. Ohio Sept. 21, 2022) (Barrett, J.); *Courthouse News Serv. v. Gilmer*, 48 F.4th 908 (8th Cir. 2022); *Courthouse News Serv. v. Forman*, No. 4:22cv106, 2022 WL 1405907 (N.D. Fla. May 4, 2022); *Courthouse News Serv. v. Omundson*, No. 1:21-cv-00305, 2022 WL 1125357 (D. Idaho Apr. 14, 2022); *Courthouse News Serv. v. Price*, No. 1:20-cv-1260, 2021 WL 5567748 (W.D. Tex. Nov. 29, 2021), *report and recommendation adopted*, 2021 WL 6276311 (W.D. Tex. Dec. 15, 2021); *Courthouse News Serv. v. Gabel*, No. 2:21-cv-

3

000132, 2021 WL 5416650 (D. Vt. Nov. 19, 2021); *Courthouse News Serv. v. N.M. Admin. Off. of the Cts.*, 566 F. Supp. 3d 1121 (D.N.M. 2021); *Courthouse News Serv. v. Schaefer*, 2 F.4th 318 (4th Cir. 2021); *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020); *Courthouse News Serv. v. Schaeffer*, 429 F. Supp. 3d 196 (E.D. Va. 2019); *Courthouse News Serv. v. Tingling*, No. 16 Civ. 8742, 2016 WL 8739010 (S.D.N.Y. Dec. 16, 2016); *Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014) ("*Planet I*").

Not every court, however, has agreed with the majority approach. The Seventh Circuit Court of Appeals in *Courthouse News Serv. v. Brown* and the Eastern District of Missouri in *Courthouse News Serv. v. Gilmer* granted the defendants' motions to dismiss reasoning that equity, comity, and federalism warranted a federal court's abstention from interpreting state court complaint publication policies. *See generally Brown*, 908 F.3d 1063 (7th Cir. 2018); *Gilmer*, 543 F. Supp. 3d 759 (E.D. Mo. 2021). Despite these holdings, both courts acknowledged that the cases did not satisfy the specific *Younger* abstention requirements. *Brown*, 908 F.3d at 1072 ("The situation here is not a traditional *Younger* scenario"); *Gilmer*, 543 F. Supp. 3d at 768 ("the facts of case do not fit into the four abstention doctrines"). And since Ms. O'Shaughnessy filed her Motion to Dismiss, the Eighth Circuit Court of Appeals reversed and remanded *Gilmer*. *See* 48 F.4th at 914 ("Gilmer and Lloyd cannot point to any 'parallel, pending state . . . proceeding,' much less one that falls within one of *Younger*'s three categories," "there is no risk that a decision in Courthouse News's favor would interrupt any state-court

4

proceeding," "abstention does not apply"). The Court agrees with Courthouse News Service's descriptor and considers *Brown* the "outlier." (Resp. at 6.)

For the reasons articulated below, the Court is unpersuaded by the Seventh Circuit's reasoning in *Brown*; rather, it finds the majority approach persuasive and follows suit.

### A. The instant case fails to satisfy the *Younger* abstention requirements.

Ms. O'Shaughnessy has moved to dismiss Courthouse News Service's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot. to Dismiss at 1.) Ms. O'Shaughnessy argues the Court should abstain from hearing the merits of the case pursuant to the *Younger* abstention doctrine. (*Id.* at 1, 6.)

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger*, 401 U.S. at 40–41). As the Sixth Circuit explained: "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44).

The Supreme Court extended *Younger* to civil enforcement actions "akin to a criminal prosecution," *Huffman v. Pursue, Ltd.*, 420 U.S. 592–93, 604 (1975), and to suits challenging "the core of the administration of a State's judicial system." *Juidice v. Vail*, 430 U.S. 327, 335 (1977). *Younger* abstention is limited to these "three exceptional categories" of cases: (1) "parallel, pending state criminal

proceeding[s]"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013); *see also O'Shea v. Littleton*, 414 U.S. 488, 500 (1974); *Rizzo v. Goode*, 423 U.S. 362, 380 (1976).

Ms. O'Shaughnessy fails to assert which *Younger* abstention category applies and how the *Younger* abstention requirements are met. (*See generally* Mot. to Dismiss, Reply.) Rather, she argues that the underlying principles of abstention, including equity, comity, and federalism, justify this Court's dismissal of the case; she relies on *Gottfried v. Medical Planning Services, Inc.*, in which the Sixth Circuit Court of Appeals affirmed the district court's abstention even though that case did not fit squarely into abstention requirements. (Mot. to Dismiss at 6–7, citing *Gottfried*, 142 F.3d 326 (6th Cir. 1998).) The court's decision to abstain in *Gottfried* turned on facts distinguishable from the instant case.

In *Gottfried*, the Sixth Circuit applied the *Pullman* abstention doctrine to conclude that "a federal court should abstain when a nonparty to a state court injunction brings a First Amendment challenge to the injunction in federal court before requesting relief from the state court." *Id.* at 332. This case does not involve a nonparty or a state court injunction. Additionally, *Pullman* abstention requires that "the case touches on a sensitive area of social policy upon which the federal courts ought not enter." *Planet I*, 750 F.3d at 783 (citation omitted). First Amendment claims, such as the one at issue here, almost never satisfy this requirement

6

"because the guarantee of free expression is always an area of particular federal concern." *Id.* at 784 (citation omitted). The applicable analysis in the instant case is the *Younger* abstention doctrine.

This case does not satisfy any of the three *Younger* abstention categories, and the Court will not extend the Supreme Court's carefully-crafted abstention doctrines to this case. As this Court has already ruled in a virtually identical case:

> This case does not involve state criminal prosecutions or civil enforcement proceedings, thus the first two *Younger* categories can be readily dismissed. As for the third category, no "orders" are at issue here. Plaintiff's allegations target only the clerical processing of complaints. Moreover, as shown above, complaint processing is a ministerial, administrative function, not a practice "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns*, 571 U.S. at 73, 134 S. Ct. 584. This case thus presents none of the "exceptional" *Younger* categories, and unlike the courts in *Brown* and *Gilmer*, this Court will not invoke "general principles of federalism, comity, and equity" to force *Younger* beyond its defined scope. 908 F.3d at 1071.

*Courthouse News Serv. v. Parikh*, 2022 WL 4368172, at *4 (quoting *Courthouse News Serv. v. Forman*, 2022 WL 1405907, at *10). This reasoning is persuasive and the Court adopts it in full here.

### B.    Federal courts have a duty to hear federal questions.

Ms. O'Shaughnessy also argues that state courts are best equipped to interpret their own rules and should have the first chance to do so. (Mot. to Dismiss at 6.) She contends that this Court's ruling on proper state court procedures would lead to federal oversight and intrusion because many state courts throughout Ohio employ a delayed publication system. (*Id.* at 8.) However, these concerns do not outweigh the duty this Court has to hear federal question cases, particularly in a

7

case that does not satisfy the *Younger* abstention requirements. *See Planet I*, 750 F.3d at 779 (holding that the *Younger* abstention doctrine does not apply because the case "presents an important First Amendment question . . . that should be decided by the federal courts"); *Winter v. Wolnitzek*, 834 F.3d 681, 688 (6th Cir. 2016) ("In the absence of an ongoing enforcement action, *Younger* has no role to play, leaving us with authority, indeed an obligation, to resolve the case.").

Federal courts have a duty to hear federal questions and "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989) (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821)). Therefore, "[f]ederal courts are to treat *Younger* as a limited carve-out to federal courts' 'virtually unflagging obligation' to exercise their jurisdiction." *Hill v. Snyder*, 878 F.3d 193, 205 (6th Cir. 2017) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988)). Federal courts analyzing an abstention argument are "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications' that can suffice . . . to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (emphasis original).

In light of these binding principles, the additional arguments that Ms. O'Shaughnessy advances do not alter this Court's duty to hear federal question cases or the requirements necessary to invoke the *Younger* abstention doctrine.

8

### III. CONCLUSION

For the reasons stated herein, the Motion (ECF No. 16) is **DENIED**.

Defendant shall respond to the Motion for Preliminary Injunction (ECF No. 3) within 21 days of the date of this Order. Any reply shall be filed within 10 days of the response.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
