UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COURTHOUSE NEWS SERVICE,**

    **Plaintiff,**

  v.

**MARYELLEN O'SHAUGHNESSY,**
**in her official capacity as Clerk**
**of the Franklin County Court of**
**Common Pleas,**

    **Defendant.**

:

:

:

Case No. 2:22-cv-2471
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court for consideration of Defendant Maryellen O'Shaughnessy's Motion for *Nunc Pro Tunc* Entry Amending the Opinion and Order of December 20, 2022 (O&O, ECF No. 20) to Permit Interlocutory Appeal Under 42 U.S.C. § 1292(b). (Mot., ECF No. 26.) Plaintiff Courthouse News Service opposed. (Opp., ECF No. 29.) For the reasons set forth below, the Motion is **DENIED**.

**I.    BACKGROUND**

Courthouse News reports on trial and appellate court proceedings nationwide. (Compl. ¶ 18, ECF No. 1.) Ms. O'Shaughnessy is the Clerk of the Franklin County Court of Common Pleas ("FCCCP"). (*Id.* ¶ 19.) Courthouse News filed a Complaint in June 2022 alleging, *inter alia*, that FCCCP's electronic filing system delays publication thereby restricting the press's and public's First Amendment qualified right to access new complaints. (*Id.* ¶ 6.)

Ms. O'Shaughnessy moved to dismiss the Complaint arguing that this Court should abstain from exercising subject matter jurisdiction due to the equity, comity, and federalism considerations underpinning the *Younger* abstention doctrine. (ECF No. 16) (*Younger v. Harris*, 401 U.S. 37 (1971)). This Court denied the motion to dismiss, holding the *Younger* abstention requirements were not satisfied. (O&O, PageID 584–86.) This was not an issue of first impression; rather, over the last decade, Courthouse News has filed numerous lawsuits nearly identical to the instant case. (*Id.* PageID 582–84.) The majority of courts have denied similar motions to dismiss, but the Seventh Circuit Court of Appeals departed from the majority approach and granted defendants' motion to dismiss reasoning equity, comity, and federalism warranted a federal court's abstention from interpreting the publication policies of a state court. (*Id.*) (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018)). Unpersuaded by the Seventh Circuit's reasoning in *Brown*, this Court found the majority approach persuasive, and followed suit. (*Id.*)

Ms. O'Shaughnessy's instant Motion asks the Court to amend its Opinion and Order denying the motion to dismiss to permit an interlocutory appeal under 28 U.S.C. § 1292(b). (Mot.; *see* O&O.)

## II.  ANALYSIS

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b).

The district court may certify an order for interlocutory appeal if it is "of the opinion" that three conditions exist: "[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017). Relief under § 1292(b) should be rarely granted and then only in extraordinary cases. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *DRFP, LLC v. Republica Bolivarian De Venez.*, 945 F. Supp. 2d 890, 917 (S.D. Ohio 2013) (Sargus, J.) ("Allowing for interlocutory appeal is generally disfavored and should be applied sparingly, in only exceptional cases."). Hence, "doubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995) (citation omitted).

Ms. O'Shaughnessy asserts that abstention is a controlling question because it would materially affect the outcome of the case. (Mot. PageID 611.) As to the second condition, she urges that a substantial difference of opinions exists because there is a split among the circuits that have looked at the issue. The Seventh Circuit has ruled abstention is required; the Fourth, Eighth, Ninth, and Tenth Circuits disagree; and the remaining circuits "have so far been silent on the issue." (*Id.* PageID 610, 612) (citing *Brown*, 908 F.3d 1063; *Courthouse News Serv. v. Schaefer*, 2 F.4th 318 (4th Cir. 2021); *Courthouse News Service v. Gilmer*, 48 F.4th 908 (8th Cir. 2022); *Courthouse News Service v. Planet*, 750 F.3d 776 (9th Cir.

3

2014); *Courthouse News Service v. N.M. Admin Office of the Courts*, 53 F.4th 1245 (10th Cir. 2022)). The third condition is met, Ms. O'Shaughnessy contends, because if the Sixth Circuit agrees with the Seventh Circuit in *Brown* and finds abstention is required, the case would end, saving time and money. (Mot. PageID 612.)

Courthouse News urges that this Court should exercise its unfettered discretion and deny the Motion because this case is not exceptional. (Opp. PageID 650–52.) Interlocutory appeal, it argues, would only further delay the litigation and increase expenses for the parties. (*Id.*) Courthouse News also asserts Ms. O'Shaughnessy doesn't cite compelling caselaw supporting the contention that this case involves a controlling question. (*Id.* PageID 653–54.)

This is not an exceptional case where interlocutory review should be granted. While *Younger* abstention may be a controlling question of law because it "could materially affect the outcome of the case," *In re Trump*, 874 F.3d at 951, the other two conditions do not favor immediate appeal. This Court is not convinced there is substantial grounds for difference of opinion on the issue where, on the same factual and procedural posture, four circuit courts have agreed with this Court, only one has disagreed, and the remaining circuits have yet to weigh in. *See Dwayne B. by Stempfle v. Granholm*, No. 06-13548, 2007 WL 9752832, at *1 (E.D. Mich. July 16, 2007) (unconvinced condition two was met where "[t]he overwhelming weight of authority supports this Court's decision not to abstain from exercising its jurisdiction in this matter.") Moreover, the Sixth Circuit has held "[i]n the absence of an ongoing enforcement action, *Younger* has no role to play, leaving us with

4

authority, indeed an obligation, to resolve the case." *Winter v. Wolnitzek*, 834 F.3d 681, 688 (6th Cir. 2016). There is no reason to believe the Sixth Circuit would change course here.

This Court is also not persuaded that interlocutory appeal will materially advance the ultimate termination of this litigation. Without a stay (and the Court sees no reason for a stay even if Defendant's Motion was granted) litigation would continue on including discovery. There is no assurance an appeal would be complete before pretrial motions would be complete. Of course immediate appeal *could* result in ultimate termination of this litigation. But for the reasons stated in the Opinion and Order and here, the Court is not convinced that is a likely scenario.

### III.   CONCLUSION

For the reasons stated herein, Ms. O'Shaughnessy's Motion is **DENIED**. (ECF No. 26.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**