# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE,** : | |
| : | |
| **Plaintiff,** : | Case No. 2:22-cv-02471 |
| : | |
| v. : | Judge Sarah D. Morrison |
| : | |
| **MARYELLEN O'SHAUGHNESSY,** : | Magistrate Judge Vascura |
| **in her official capacity as Clerk of** : | |
| **Franklin County Court of Common Pleas,** : | |
| : | |
| **Defendant.** : | |

## CONSENT ORDER

In this matter, Plaintiff Courthouse News Services ("CNS" or "Plaintiff") has asserted that the practice of the Franklin County Court of Common Pleas Clerk of Court Maryellen O' Shaughnessy ("Clerk" or "Defendant") in delaying public access to newly e-filed, non-confidential, civil complaints until after they are reviewed and approved by the Clerk's office is a violation of its First Amendment right as a member of the press. Plaintiff filed this action seeking a permanent injunction. The Clerk has denied this contention and asserted that the review and approval process serves an important public function of maintaining the accuracy of information provided by the Clerk and of complying with local administrative rules regarding electronic filing.

Mediation was held in this matter on May 1, 2023. By agreement reached during the Mediation, the Parties hereby stipulate and agree that all matters currently in controversy between them, other than the issue of attorney's fees and costs that may be payable to the Plaintiff under 42 U.S. § 1988, have been settled, and that in furtherance thereof, this Consent Order should be entered as follows:

1

1. The Court finds that it has jurisdiction over the parties and the subject matter of the suit, which was commenced by the filing of a Complaint on June 13, 2022; that all matters currently in controversy between the parties, other than issue of attorney's fees and costs under 42 U.S.C. § 1988, are hereby compromised and settled; and that a Consent Order should be entered as to the issues that have been resolved by the parties.

2. On March 21, 2023, a preliminary injunction was issued by this Court in Plaintiff's favor against the Clerk, enjoining her from delaying access to newly e-filed, non-confidential civil complaints until after such complaints are processed, and directing the Clerk to make such complaints available upon receipt. (ECF 38, Opinion and Order, PageID 712).

3. Following the issuance of the preliminary injunction and in response thereto, the Clerk modified her public webpage to permit online viewing by the public of newly e-filed, non-confidential, civil filings upon receipt. Unreviewed PDF versions of the new filings are accessible through a link on the webpage immediately upon their filing. Once a new filing is reviewed and accepted by the Clerk, it becomes available on the Clerk's regular, online case information system.

4. Plaintiff agrees that the Clerk's modified procedure is sufficient to resolve the claims set forth in the Complaint. Thus, by agreement of the Parties, this Court hereby permanently enjoins the Clerk from delaying access to newly e-filed, non-confidential civil complaints until after such complaints are processed and directs the Clerk to continue to make such complaints available upon receipt on a permanent basis, or until such time that the Clerk implements a different process or system that provides equal or similar access to newly e-filed non-confidential civil complaints upon receipt.

5.   This Consent Order disposes of all claims by Plaintiffs, other than the issue of attorney's fees and costs under 42 U.S.C. § 1988 and is in all respects final.

6.   The Parties have indicated that they have not resolved the issue of attorney's fees and costs under 42 U.S.C. § 1988. Accordingly, the question of attorney's fees and costs shall be heard by this Court upon Motion by the Plaintiff.

**IT IS SO ORDERED.**

_____      _6-13-23_____
**JUDGE MORRISON**                                **DATE**