UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COURTHOUSE NEWS SERVICE,**

        **Plaintiff,**

   v.

**MARYELLEN O'SHAUGHNESSY,
in her official capacity as Clerk
of the Franklin County Court of
Common Pleas,**

        **Defendant.**

:

:

:

:

Case No. 2:22-cv-2471
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Courthouse News Service brought this lawsuit under 42 U.S.C. § 1983 against Maryellen O'Shaughnessy, in her official capacity as Clerk of the Franklin County Court of Common Pleas ("FCCCP"). It asserted that Ms. O'Shaughnessy violated its rights under the First and Fourteenth Amendments to the United States Constitution because FCCCP's e-filing system delayed publication of newly filed complaints thereby restricting the press's and public's qualified right to access those materials. (*See generally* Compl. ECF No. 1.) Courthouse News filed a Motion for a Preliminary Injunction on the same day as its Complaint, moving the Court to enjoin Ms. O'Shaughnessy "from enforcing [her] policy and practice of restricting press and public access to newly e-filed, non-confidential civil complaints." (P.I. Mot., ECF Nos. 3, 3-1, PageID 104.)

The Court held an informal preliminary conference on the P.I. Motion where Ms. O'Shaughnessy raised jurisdictional concerns, so the Court set a briefing

1

schedule on her Motion to Dismiss. (ECF Nos. 6, 14.) The Motion to Dismiss was denied. (ECF No. 20.) Ms. O'Shaughnessy then asked this Court to permit her to file an interlocutory appeal of the Opinion and Order denying her Motion to Dismiss (ECF No. 26), Courthouse News opposed (ECF No. 29), and this Court denied that request, finding the criteria under 42 U.S.C. § 1292(b) were not met (ECF No. 35).

The parties briefed the P.I. Motion (ECF Nos. 28, 33), and the Court granted that Motion and enjoined Ms. O'Shaughnessy from restricting public access to newly e-filed, nonconfidential, civil complaints until after such complaints are processed. (ECF No. 38, PageID 713.) Ms. O'Shaughnessy notified the Court that she was filing an interlocutory appeal of the preliminary injunction. (ECF No. 39.) Then the parties settled "all matters currently in controversy between them, other than the issue of attorney's fees and costs" and asked the Court to enter a Consent Order, which it did. (ECF No. 48.) The interlocutory appeal was dismissed through a stipulation of dismissal. *Courthouse News Service v. Maryellen O'Shaughnessy*, Case No. 23-3326 (6th Cir. Apr. 18, 2023), ECF Nos. 16, 17.

This matter is now before the Court on Courthouse News's Motion for Attorney's Fees, in which Courthouse News asks that it be awarded attorney's fees and costs in the amount of $241,120.40. (ECF No. 49, PageID 751.) In response, Ms. O'Shaughnessy argues that the amount of attorney's fees sought is unreasonable for several reasons. (ECF No. 53.) After thorough consideration, the Court **GRANTS in part** the Motion pursuant to the following analysis.

I.  **ANALYSIS**

The Court calculates an award of attorney's fees by using the lodestar method, under which a reasonable hourly rate is multiplied by the number of hours reasonably expended on the litigation. *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio 2008). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted). The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (emphasis removed). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The lodestar method is designed to attract competent counsel to vindicate a person's constitutional rights but is not intended to serve as a windfall for attorneys. *Coulter v. Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986), *abrogated on other grounds by The Ne. Ohio Coal. for the Homeless v. Husted,* 831 F.3d 686, 692 (6th Cir. 2016).

A.  **Reasonable Hourly Rate**

The first part of the Court's lodestar calculation is a reasonable hourly rate. Although Ms. O'Shaughnessy did not dispute the hourly rates charged by Courthouse News's counsel, the Court begins with its own evaluation of the rates charged.

A reasonable fee is a fee sufficient to attract competent counsel, but that does not produce windfalls for attorneys. *Blum*, 465 U.S. at 895. In determining a reasonable hourly rate, what is important "is not necessarily the exact value sought by a particular firm, but instead is the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). The "market rate" is what lawyers with comparable skill and experience can reasonably charge within the Court's venue. *Id.*

"It is well-established that a district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Am. Broad. Cos., Inc. v. Brunner*, No. 1:04CV750, 2008 WL 11450441, at *10 (S.D. Ohio Sept. 30, 2008) (cleaned up). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 F. App'x 496, 499 (6th Cir. 2011). Moreover, because "the determination of a reasonable rate is difficult given wide variations in lawyers' experience, skill and reputation," an attorney's "customary client billing rate is one reliable indicia of that attorney's prevailing market rate." *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 657 F. Supp. 2d 914, 932 (S.D. Ohio 2009) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir.1995)).

Here, Courthouse News was represented by three well-respected law firms. Courthouse News seeks fees for fourteen billers (three paralegals and eleven attorneys) at these rates:

4

| Name, Firm | Year Admitted | Hourly Rate at Start of Litigation | Hourly Rate at End of Litigation | Hours Expended | Total Sought |
|---|---|---|---|---|---|
| John C. Greiner, Faruki PLL | 1983 | $500 | $600 | 142.5 | $78,934.00 |
| Darren W. Ford, Faruki PLL | 2010 | $350 | $425 | 10.2 | $3,570.00 |
| Alexandra Berry, Bricker Graydon, LLP | 2018 | $250 | $300 | 414.5 | $111,517.00 |
| Liam McMillan, Bricker Graydon, LLP | 2022 | $125 | $125 | 1.9 | $237.50 |
| Whitney J. Glover, Bricker Graydon, LLP | 2021 | $240 | $240 | 1.1 | $264.00 |
| Sebastian West, Bricker Graydon, LLP | 2022 | $175 | $250 | 7.8 | $1,635.00 |
| John B. Pinney, Bricker Graydon, LLP | 1972 | $650 | $650 | 0.4 | $260.00 |
| Sergio G. Fernandez, Faruki PLL | 2023 | $245 | $245 | 17.8 | $4,361.00 |
| Kelly Finn, Faruki PLL | Paralegal for 6 years | $180 | $180 | 2.8 | $504.00 |
| Cecily M. Perez, Bricker Graydon, LLP | Paralegal | $200 | $215 | 28.2 | $6,040.50 |
| Stephanie Henson, Bricker Graydon, LLP | Paralegal for over 20 years | $250 | $250 | 7.7 | $2,055.00 |
| R.E. Matteo-Boehm, BCLP | 1996 | $731 | $731 | 38.4 | $28,070.40 |
| J.G. Fetterly, BCLP | 2003 | $765 | $765 | 3.7 | $2,830.50 |
| J. Ginsberg, BCLP | 2009 | $765 | $765 | 1.1 | $841.50 |
| **TOTAL** | | | | **678.1** | **$241,120.40** |

(*See* ECF No. 49-2, ¶ 11.)

Courthouse News has also submitted the affidavit of attorney William G. Porter, a partner with Vorys, Sater, Seymour and Pease LLP in Columbus. (*Id.*) Mr. Porter states that he is familiar with the rates charged in the Columbus legal community and he believes that the hourly rates sought by Plaintiff's counsel are reasonable. (*Id.* ¶ 12.)

Earlier this year, in another First Amendment case, this Court concluded that, for two attorneys with 28 and 35 years of experience respectively, a range of $380 to $450 per hour in the years 2021 and 2022 is reasonable. *Regenold v. Ohio State Bd. of Educ.,* No. 2:21-CV-1916, 2023 WL 4549365, at *2 (S.D. Ohio July 14, 2023) (Graham, J.). The Court used a rate of $500 an hour in *Regenold* because of counsel's considerable experience and expertise, as well as their excellent representation in that case. (*Id.*)

The Court is hampered in its analysis of the fees in this case by the fact that, other than the years in practice, Courthouse News provides no information on the background, education, experience, position, or sample cases of any of the lawyers it identifies as having billed on the case. In his expert evaluation, Mr. Porter references his "knowledge of normal rates charged by lawyers of the same caliber and experience in the Columbus, Ohio legal community," (ECF No. 49-2, ¶ 12) so perhaps Courthouse News provided information to Mr. Porter that it did not provide to the Court.

***Rates in Excess of $500.*** Counsel provided excellent representation to Courthouse News. However, the Court finds that some of the rates charged are not reasonable for the Columbus legal community. While the Court finds no issue with those rates under $350 per hour, some of the more seasoned lawyers working on this case had rates above $600, and even $700, per hour. Reflecting on the market rate in this Court's venue, the Court finds such rates excessive and $500 per hour a more appropriate rate that would have attracted competent counsel. *See Regenold*,

6

2023 WL 4549365, at *2. Thus, the following attorneys' rates are reduced to $500 per hour: John B. Pinney, R.E. Matteo-Boehm, J.G. Fetterly, and J. Ginsberg.

***Unjustified Rate Increases.*** Also, this case was filed in June 2022 and the Consent Order was entered one year later. Courthouse News does not provide any explanation as to why increases in lawyers' rates are appropriate during litigation lasting for such a short time and the Court finds that there is no justification for increased rates in a fee award in this case. The lack of justification is particularly stark in light of the fact that, among other things, Mr. Greiner's rate began at $500 per hour, went up to $535 in January 2022, went up again to $615 in January 2023, and then went down to $600 in March 2023. (ECF No. 49-1.) The Court will use the lawyers' rates at the start of the litigation, rather than the end.

B.   **Reasonable Hours Expended**

Second, to calculate the lodestar, the Court must determine the reasonable number of hours expended. "[T]he prevailing party's lawyer should be the first gatekeeper in this task, exercising the same billing judgment she would with one's client." *Hines v. DeWitt,* No. 2:13-CV-1058, 2016 WL 2342014, at *1 (S.D. Ohio May 4, 2016), *aff'd sub nom. Hines v. City of Columbus, Ohio,* 676 F. App'x 546 (6th Cir. 2017) (citing *Hensley*, 461 U.S. at 434). The Court's focus is on "mixed questions about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter*, 805 F.2d at 151. Excessive, redundant, or otherwise unnecessary hours will not be counted. *Hensley*, 461 U.S. at 434. While representation by multiple legal counsel

"can be productive," "the danger of duplication [is] a waste of resources which is difficult to measure." *Coulter*, 805 F.2d at 152.

***Nominal Billers.***  Some Courthouse News billers are listed as billing less than four hours total. Such nominal hours strike the Court as redundant or otherwise unnecessary work that adds little substance or value to the case and therefore will not be counted. For example, John Pinney billed for 0.4 hours for reviewing a court order but did no substantive work in the case. (*See,* ECF No. 49-1, PageID 810.) *See Hensley,* 461 U.S. at 436–37 ("The district court may attempt to identify specific hours that should be eliminated, . . . [t]he court necessarily has discretion in making this equitable judgment.").

***Prefiling Fees.*** Next, Ms. O'Shaughnessy disputes the reasonableness of the hours spent by Courthouse News's attorneys on the initial pleadings and in "block billed" time entries. (ECF No. 53.) Ms. O'Shaughnessy points out that Courthouse News billed about $175,000 in attorney's fees before the litigation was filed in connection with preparing the complaint, P.I. Motion, and supporting affidavits. (*Id.* PageID 862–63; ECF No. 53-1, ¶ 11.) She highlights that Courthouse News has filed dozens of the same cases over 13 years throughout the country, and thus had many templates to work from. (*Id.* PageID 857.)

While the Court finds no issue with Courthouse News's "block billing" here, it agrees that the hours spent on the initial filings were excessive. Before filing the lawsuit, the billing records indicate there were at least ten timekeepers billing on the matter. (ECF No. 49-1.) Given that Courthouse News had filed many similar complaints and preliminary injunction motions before, $175,000 in pre-filing fees is

8

excessive. *See e.g.*, *Citizens for Cmty. Values, Inc. v. Upper Arlington Pub. Libr. Bd. Of Trustees*, No. C-2-08-223, 2010 WL 1253892, at *3 (S.D. Ohio Mar. 24, 2010) (Smith, J.) ("This Court and other Ohio district courts have found that where the prevailing party's counsel has filed similar complaints in other matters, or drafted briefs duplicating the same research, case law and legal arguments filed in other cases, this is a legitimate basis to reduce the party's claimed attorney's fees as excessive."); *Estep v. Blackwell*, No. 1:06CV106, 2006 WL 3469569, at *3 (S.D. Ohio Nov. 29, 2006) (Watson, J.) (concluding "twenty-two hours for work, which to a great percentage is duplicative" of work in another similar case "is unreasonable"); *Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, No. 3:05 CV 7153, 2006 WL 2404140, at *6 (N.D. Ohio Aug. 18, 2006) (similar holding).

Courthouse News's counsel spent more than 300 hours to draft, revise, and review the complaint, P.I. Motion, and accompanying affidavits, all of which appear to have been adapted from prior templates. (*See* ECF No. 53, PageID 856; ECF No. 53-1, PageID 882–86 (highlighting "copy/paste examples").) The Court finds the time spent reviewing and editing the complaint and other initial papers is excessive and reflects redundant and unnecessary work. Having analyzed the billing records (ECF No. 49-1), and based on its own experience in handling similar fee requests and its knowledge of the case, the Court finds $75,000 to $100,000, though still high, to be a reasonable fee for preparing the Complaint and Motion for Preliminary Injunction in this case.

The information provided by Courthouse News does not provide enough data for the Court to make precise, pre-complaint, hour cuts. Moreover, "[c]ourts have

9

recognized the impracticality of specifying each and every hour to be excluded in a . . . fee application . . . in which voluminous billing records must be examined," and "for this reason, most circuits, including the Sixth, have authorized across-the-board fee reductions as an appropriate method of trimming fat from a fee application." *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 n.5 (N.D. Ohio 1997) (citations and quotations omitted); *Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2017 WL 2821706, at *10 (S.D. Ohio June 30, 2017) (Kemp, M.J.) ("only an across-the-board reduction [would] adequately address the issues apparent," which included "a tendency to overwork particular issues" and "errors and irregularities" in the billing spreadsheets).

Recognizing that in making an across-the-board fee reduction the Court would likely be double-counting (or put differently, double-cutting) some attorney time and fees as a result of the adjustments already made above, the Court will cut $75,000, rather than $100,000, from the fees charged. While such math is imprecise, the Court finds a total fee award of $135,936 (calculated below) reasonable given the work performed and result achieved. This adjusted amount reflects plaintiff counsel's high-quality legal work and successful result but is not excessive.

### C. Fee Calculation

Given the above findings, the proposed attorney's fee and cost award is modified as follows:

| Name, Firm | Year Admitted | Hourly Rate at Start of Litigation | Hourly Rate at End of Litigation | Hours Expended | Total Sought | Adjusted Rate | Adjusted Total |
|---|---|---|---|---|---|---|---|
| John C. Greiner, Faruki PLL | 1983 | $500 | $600 | 142.5 | $78,934.00 | $500 | $71,250.00 |
| Darren W. Ford, Faruki PLL | 2010 | $350 | $425 | 10.2 | $3,570.00 | $350 | $3,570.00 |
| Alexandra Berry, Bricker Graydon, LLP | 2018 | $250 | $300 | 414.5 | $111,517.00 | $250 | $103,625.00 |
| Liam McMillan, Bricker Graydon, LLP | ~~2022~~ | ~~$125~~ | ~~$125~~ | ~~1.9~~ | ~~$237.50~~ | ~~$125~~ | $0.00 |
| Whitney J. Glover, Bricker Graydon, LLP | ~~2021~~ | ~~$240~~ | ~~$240~~ | ~~1.1~~ | ~~$264.00~~ | ~~$240~~ | $0.00 |
| Sebastian West, Bricker Graydon, LLP | 2022 | $175 | $250 | 7.8 | $1,635.00 | $175 | $1,365.00 |
| John B. Pinney, Bricker Graydon, LLP | ~~1972~~ | ~~$650~~ | ~~$650~~ | ~~0.4~~ | ~~$260.00~~ | ~~$500~~ | $0.00 |
| Sergio G. Fernandez, Faruki PLL | 2023 | $245 | $245 | 17.8 | $4,361.00 | $245 | $4,361.00 |
| Kelly Finn, Faruki PLL | ~~Paralegal for 6 years~~ | ~~$180~~ | ~~$180~~ | ~~2.8~~ | ~~$504.00~~ | ~~$180~~ | $0.00 |
| Cecily M. Perez, Bricker Graydon, LLP | Paralegal | $200 | $215 | 28.2 | $6,040.50 | $200 | $5,640.00 |
| Stephanie Henson, Bricker Graydon, LLP | Paralegal for over 20 years | $250 | $250 | 7.7 | $2,055.00 | $250 | $1,925.00 |
| R.E. Matteo-Boehm, BCLP | 1996 | $731 | $731 | 38.4 | $28,070.40 | $500 | $19,200.00 |
| J.G. Fetterly, BCLP | ~~2003~~ | ~~$765~~ | ~~$765~~ | ~~3.7~~ | ~~$2,830.50~~ | ~~$500~~ | $0.00 |
| J. Ginsberg, BCLP | ~~2009~~ | ~~$765~~ | ~~$765~~ | ~~1.1~~ | ~~$841.50~~ | ~~$500~~ | $0.00 |
| SUBTOTAL | | | | 678.1 | $241,120.40 | | $210,936.00 |
| (Across-the-Board Fee Reduction) | | | | | | | ($75,000) |
| **TOTAL** | | | | | | | **$135,936.00** |

11

## II. CONCLUSION

Accordingly, Courthouse News's Motion for Attorney's Fees (ECF No. 49) is **GRANTED in part**. Courthouse News is awarded $135,936 in attorney's fees and costs. The Clerk is **DIRECTED** to **ENTER JUDGMENT** accordingly and **CLOSE** the case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

12